# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:20-CV-00342-GCM

| | |
|---|---|
| CONNEA ADAMS MOORE, | |
| Plaintiff, | |
| v. | **ORDER** |
| KILOLO KIJAKAZI, | |
| Defendant. | |

**THIS MATTER** comes before the Court on cross-motions for summary judgment by the Plaintiff (ECF No. 15) and Defendant (ECF No. 17), along with the parties' briefs and exhibits. The matter is ripe for disposition. For the reasons described below, the Court will deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the decision of the Commissioner.

## I. BACKGROUND

### a. Factual Background

Connea Moore is a 50-year-old woman. *See* A.R. 11.[1] In 2011, Moore became entitled to disability insurance and Supplemental Security Income (SSI) based on ulcerative colitis, asthma, obesity, and bipolar disorder. A.R. 136, 139. Functional limitations created by those conditions rendered Moore unable to work. A.R. 138.

Approximately four years later, in July 2015, the Social Security Administration notified Moore that it had concluded that she was no longer disabled because of improvements in her health. A.R. 247. Moore appealed to a hearing officer, who affirmed the cessation of benefits. *See*

---
[1] Citations to A.R.___ are to the Administrative Record. *See* ECF No. 9.

A.R. 276–88. She appealed again to an ALJ, who also concluded that Moore was no longer disabled. *See* A.R. 24–37. Moore then appealed to this Court. The Commissioner sought and received a voluntary remand, which was ordered on May 21, 2018. *See Moore v. Berryhill*, Case No. 1:17-cv-00289, ECF No. 14 (W.D.N.C. May 21, 2018) (Whitney, J.).

Following remand, Moore received a new hearing on June 7, 2019. A.R. 1082–96. The ALJ issued a decision on July 22, 2019, again concluding that Moore was no longer disabled. A.R. 1054–70. Although he found that Moore had ulcerative colitis, asthma, depression, anxiety, and degenerative disc disease, the ALJ identified medical improvement related to Moore's ability to work. *See* A.R. 1057, 1059–60. Because the ALJ found that Moore could now perform competitive work, he found that she was not disabled within the meaning of the Social Security Act. *See* A.R. 1060–70. Moore asked for review by the Appeals Council. After the Appeals Council declined to review the ALJ's decision, Moore sought judicial review in this Court pursuant to 42 U.S.C. § 405(g). A.R. 1.

### b. Legal Background

The Social Security Administration employs an eight-stop process when deciding whether an individual should continue to receive disability insurance benefits under Title II of the Social Security Act, and a seven-step process in assessing continued receipt of Supplemental Security Income under Title XVI of the Act. *See* 20 C.F.R. §§ 404.1594, 416.994 (2021).

For Title II claims, the Commissioner first determines whether the claimant is engaging in substantial gainful activity. *See* 20 C.F.R. § 404.1594(f)(1). From there, the procedures are identical. The Commissioner determines whether the claimant has an impairment, or a combination of impairments, which is sufficiently severe to qualify automatically for disability under the so-called "Listings." *See* 20 C.F.R. §§ 404.1594(f)(2), 416.994(b)(5)(i). Next, the

2

Commissioner considers whether there has been medical improvement, defined as any decrease in the medical severity of the impairment or impairments. *Id*. §§ 404.1594(f)(3), 416.994(b)(5)(ii). Third—if there has been medical improvement—the Commissioner must determine whether the improvement is related to the claimant's ability to work. *Id*. §§ 404.1594(f)(4), 416.994(b)(5)(iii). Fourth—if there has been no medical improvement, or the improvement is not related to the claimant's ability to work—the Commissioner considers whether any exception to the medical improvement requirement exists, such that disability must be terminated. *See id*. §§ 404.1594(f)(5), 416.994(b)(5)(iv). Fifth, the Commissioner decides whether the claimant's current impairments are severe in combination. *Id*. §§ 404.1594(f)(6), 416.994(b)(5)(v). Next, if the impairments are severe, the Commissioner assesses the claimant's current ability to work, based on his or her "Residual Functional Capacity" (RFC), and considers whether the claimant can perform past relevant work. *Id*. §§ 404.1594(f)(6), 416.994(b)(5)(vi). Finally, the Commissioner considers whether the claimant can perform other work in the local or national economy. *Id*. §§ 404.1594(f)(7), 416.994(b)(5)(vii).

## II. STANDARD OF REVIEW

A District Court reviewing a final decision of the Commissioner of Social Security may consider only two things: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Although this threshold is not high, it requires "more than a mere scintilla of evidence." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 383 (4th Cir. 2021). In reviewing for substantial evidence, a District Court may not "re-weigh conflicting evidence, make credibility

determinations, or substitute its judgment for that of the Commissioner." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

### III. DISCUSSION

Moore raises two issues on appeal. First, she argues that she was entitled to a presumption of continuing disability, and that the ALJ failed to displace the presumption. And second, she argues that the ALJ failed to build an "accurate and logical bridge" between the evidence and his conclusion. Neither argument has merit.

Moore first cites *Dotson v. Schweiker*, 719 F.2d 80 (4th Cir. 1983). In *Dotson*, the Fourth Circuit joined the Ninth Circuit in holding that initial disability determinations give rise to presumptions of disability during continuation hearings. *See id.* at 81–82. "To conclude otherwise," reasoned the *Dotson* Court, "would permit the Secretary to submit the same medical evidence to different physicians time and time again until the Secretary obtains a favorable result." *Id.* at 82. Moore argues that *Dotson* established a presumption of continuing disability that the ALJ was required to overcome. Unfortunately for Moore, this portion of *Dotson* is not good law. As the Acting Commissioner correctly observes, Congress' passage of the Social Security Disability Benefits Reform Act in 1984 clarified that there is no presumption of continuing disability. *See Rhoten v. Bowen*, 854 F.2d 667, 669 (4th Cir. 1988).

Moore obliquely acknowledges the passage of the Reform Act, but argues that Rule 301 of the Federal Rules of Evidence "imposes on the Secretary the principle that the Secretary is obliged to go forward with evidence to rebut the presumption of disability . . . ." Rule 301 does nothing of the sort. It reads: "In a civil case, unless a federal statute or these rules provide otherwise, the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption." Fed. R. Evid. 301. This rule does not impose any substantive presumptions. It

4

simply explains that a party rebutting an existing presumption carries the burden of production. But as the Reform Act makes clear, there is no presumption of continuing disability. *Rhoten*, 854 F.2d at 669.

Moore's other argument is also unavailing. She argues that the ALJ's RFC analysis, especially related to her ulcerative colitis, was so deficient that it frustrated meaningful review, and urges remand on that basis. *See* ECF No. 17 at 21. In crafting an RFC, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion," adequately developing the record with a "a discussion of which evidence the ALJ found credible and why." *See Monroe v. Colvin*, 826 F.3d 176, 190 (4th Cir. 2016) (citations omitted); *see also Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Moore argues that the ALJ wrongly concluded that she was no longer disabled within the meaning of the Social Security Act, pointing principally to evidence of ulcerative colitis flare-ups in 2016.[2] Specifically, three gastroenterology exams in February and November 2016 found that Moore was experiencing flare-ups of her ulcerative colitis. *See* ECF No. 17 at 10 (citing A.R. 982, 1027, 1042). A physician's assistant recorded Moore's report that "[S]he is still having ten stools a day." A.R. 1027. Moore argues that the ALJ failed to capture the functional limitations created by her flare-ups, because he refused to adopt a posited RFC that provided for ten bathroom breaks a day.[3]

---

[2] Moore also argues that the ALJ's analysis of her mental health issues was deficient. But as he did with ulcerative colitis, the ALJ adequately described the evidence related to mental health before explaining his conclusion that Moore was not as functionally limited as she claimed to be. *See* A.R. 1063–68.

[3] If adopted, such an RFC would have precluded competitive work and resulted in a finding of continued disability.

5

The ALJ, however, adequately considered the evidence, summarizing medical records related to ulcerative colitis before identifying a host of specific records from 2015 through 2017 which indicated improvement. *See* A.R. 1062–63 (citing A.R. 859, 872, 959, 1035, 1436, 1504–05, 1508, 1523). Because the ALJ carefully discussed the evidence and explained why he made credibility determinations, the Court is not "left to guess about how the ALJ arrived at his conclusions." *See Mascio v. Colvin*, 780 F.3d 632, 637 (4th Cir. 2015).

In substance, Moore seeks a judicial reweighing of the evidence, pointing to contrary evidence in the record as proof that the ALJ's decision was wrong. But under the deferential standard of review applicable in Social Security cases, the Court must uphold the Commissioner as long as the Commissioner's decision was backed by substantial evidence—an exceptionally low bar. *See Clark v. Saul*, 421 F. Supp. 3d 628, 631 (N.D. Ind. 2019). That bar has been cleared here.

## IV. ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**. Defendant's Motion for Summary Judgment (ECF No. 18) is **GRANTED**. The decision of the Commissioner is **AFFIRMED**. The Clerk is respectfully directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED**.

Signed: March 9, 2022

Graham C. Mullen
United States District Judge